**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00035-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

**TONY E. POWELL**,

    Plaintiff/Petitioner,

v.

**M.A. STANCIL**, Warden

    Defendants/Respondents.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES**

---

Plaintiff Tony E. Powell is a federal prisoner currently incarcerated at the Florence Correctional Institution.  On November 23, 2015, he submitted a letter to this Court labeled a "Consolidated Alternative Petition Under Provisions that are set forth in Rule 65(d)(2)(A) or (B) 28 U.S.C. § 2284(3), (APPLICATION) for Writ of Habeas Corpus Pursuant to 28 USC 2241."  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that the submitted document is deficient as described in this Order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

The Court notes that it is difficult to determine exactly what Mr. Powell is seeking. To the extent that he is seeking injunctive relief, he first  must file a proper complaint. Moreover, habeas corpus review is available under § 2241 if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2241(c)(3). The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the " 'traditional function of the writ is to secure release from illegal custody.' " *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "Though the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement...." *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. *McIntosh*, 115 F.3d at 812. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action. *Id.*; *see also Standifer*, 653 F.3d at 1280 ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement ... must do so through civil rights lawsuits ... not through federal habeas proceedings.").

This court has stated "that a request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement and, thus, must be brought pursuant to Bivens ." *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006). In Garcia, the Court held that two federal prisoners who filed motions seeking transfer from one detention facility to another had to bring their claims through a Bivens action. *Id.* at 1002–03. Because neither prisoner "sought release from the custody of the Bureau of Prisons or a shortened period of incarceration" but instead, a "change in the place of confinement." *Id.*

In *Boyce v. Ashcroft*, 251 F.3d 911, vacated as moot, 268 F.3d 953 (10th Cir. 2001), the prisoner asserted he was transferred to ADX in retaliation for exercising his

First Amendment rights and that conditions at ADX violated his Eighth Amendment rights. *Id.* at 913–14. The district court dismissed the habeas petition, concluding the inmate was "not attacking the legality of his custody or seeking release from illegal custody, but seeking a transfer to a specific federal prison, and that such relief is not cognizable in habeas corpus." *Id.* The Court of Appeals affirmed holding that because Boyce challenged the "BOP's choice of prisons," he challenged the conditions of his confinement rather than the fact or duration of his federal custody. *Id.* Thus, his claim was "properly raised under Bivens and not in habeas." *Id.*

Like the petitioners in *Garcia* and *Boyce*, it seems Mr. Powell seeks transfer from one BOP detention facility to another, *i.e.*, a change in the place of his confinement. Therefore, his challenge is properly construed as a challenge to the conditions of his confinement and must be brought pursuant to *Bivens*. Accordingly, the Court finds that

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1)   X    is not submitted
(2)   X    is not on proper form (must use the Court's current form)
(3)   __    is missing original signature by Plaintiff
(4)   __    is missing affidavit
(5)   __    affidavit is incomplete
(6)   __    affidavit is not properly notarized
(7)   __    names in caption do not match names in caption of complaint, petition or application
(8)   __    other: In the alternative, Plaintiff may pay the $400 filing fee.

**Complaint or Petition**:
(9)    X    is not submitted
(10)   X    is not on proper form (must use the court's current form)
(11)   X    is missing an original signature by the Plaintiff
(12)   __    is incomplete
(13)   __    uses et al. instead of listing all parties in caption
(14)   __    names in caption do not match names in text of Complaint
(15)   X    addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(16)   __    other:

Accordingly, it is

**ORDERED** that Plaintiff cure the deficiencies designated above **within thirty days from the date of this Order**.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov)., and use the forms to cure the above noted deficiencies.  It is

**FURTHER ORDERED** that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order** the action will be dismissed without further notice.

DATED November 30, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge